# In the United States Court of Federal Claims

No. 23-784C

(Filed: June 8, 2023)

|  |  |
|---|---|
| **LEMYRON BISHOP,** | ) ) ) |
| *Plaintiff,* | ) ) ) |
| v. | ) ) ) |
| **THE UNITED STATES,** | ) ) ) |
| *Defendant.* | ) ) ) |

## ORDER

On May 30, 2023, Plaintiff, LeMyron Bishop, proceeding *pro se*, filed a complaint against Defendant, the United States, in this Court.  ECF No. 1.  That same day, Mr. Bishop filed a motion to proceed *in forma pauperis* ("IFP").  ECF No. 2.  Pursuant to 28 U.S.C. § 1915(g), a plaintiff may not proceed IFP if:

> the [plaintiff] has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the [plaintiff] is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g); *see Asemani v. United States Citizenship & Immigration Servs.*, 797 F.3d 1069, 1072 (D.C. Cir. 2015) (describing 28 U.S.C. § 1915(g) as the "three-strikes rule").[1]

---

[1] Plaintiff's filings are not clear regarding whether he is currently incarcerated.  *See Bishop v. Federal Government (All Components)*, No. CV 21-00321 (D.N.M. June 23, 2021), ECF No. 8 (noting that Mr. Bishop was previously incarcerated at the Eddy County Detention Center in Carlsbad, New Mexico).  Regardless, the IFP statute covers plaintiffs who are not presently incarcerated. *See, e.g., Lister v. Dep't of Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005) (explaining that 28 U.S.C. § 1915(a) "applies to all persons applying for [IFP] status, and not just to prisoners"); *Tucker v. United States*, 142 Fed. Cl. 697, 706 n.3 (2019) (collecting cases).

Mr. Bishop has accumulated at least three strikes. *See Bishop v. Federal Government (as a Whole)*, No. 19-00833 (D.N.M. March 4, 2020), ECF No. 12 at 1, 6 (dismissing Mr. Bishop's complaint "for failure to state a claim and as frivolous," and imposing a strike pursuant to 28 U.S.C. § 1915(g)); *Bishop v. United States*, No. 20-00087 (D.N.M. March 23, 2020), ECF No. 12 at 4, 7 (dismissing Mr. Bishop's complaint as "frivolous and delusional" and imposing a strike); *Bishop v. Federal Government (as a Whole) World Wide*, No. 19-01129 (D.N.M. April 1, 2020), ECF No. 4 at 1, 6 (dismissing Mr. Bishop's complaint "for failure to state a claim and as frivolous" and imposing a strike); *see also Bishop v. DHS*, No. 21-00887 (D.N.M. Oct. 25, 2021), ECF No. 6 at 4, 6 (describing Mr. Bishop's "abusive [filing] history," noting that "[t]his is the seventh civil action [he] has initiated in the District of New Mexico," and ordering him to show cause why the court should not impose filing restrictions). In addition, Mr. Bishop's complaint gives no indication that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Nor does his IFP request, ECF No. 2, "include[] a statement of all assets [he] possesses," 28 U.S.C. § 1915(a)(1). For all of these reasons, Mr. Bishop's motion to proceed IFP is **DENIED**.

In any event, the Court lacks jurisdiction over Mr. Bishop's claims. *See* Rule 12(h)(3) of the Rules of the United States Court of Federal Claims ("RCFC"). He cites 28 U.S.C. § 1332 as the basis for this Court's jurisdiction, but while that statute addresses diversity jurisdiction in the district courts, this Court is a National Court,[2] not a district court, and lacks diversity jurisdiction. *See* 28 U.S.C. § 1332 ("Diversity of Citizenship; amount in controversy; costs"); *Rodgers v. United States*, 153 Fed. Cl. 538, 541 (2021) ("Section 1332 confers diversity jurisdiction exclusively on district courts"); *Scott v. United States*, 2021 WL 163427, at *2 (Fed. Cl. Jan. 19, 2021) ("[D]iversity jurisdiction does not provide a basis for jurisdiction in the Court of Federal Claims." (citing *Barber v. United States*, 636 Fed. App'x 1009, 1010 (Fed. Cir. 2016))).

Nor, for that matter, do Mr. Bishop's conclusory allegations of "discriminational [sic] actions" "fraud case closures," "arrests from judicial figures," and "claims of the United States WhiteHouse [sic] and ALL lands and oceans," among others, state any cause of action within the Court's Tucker Act jurisdiction. *See* 28 U.S.C. § 1491(a)(1); *United States v. Testan*, 424 U.S. 392, 398–402 (1976). Indeed, his complaint contains no non-frivolous assertions of fact whatsoever, let alone allegations sufficient to support a claim within this Court's jurisdiction. *See Perry v. United States*, 2021 WL 2935075, at *3 (Fed. Cir. July 13, 2021) ("As [plaintiff-appellant] does not point us to anywhere in his complaint where he makes these relevant factual assertions, we agree with the trial court that it lacks jurisdiction to hear the claim and that [plaintiff-appellant] failed to state a claim upon which relief may be granted.").

---

[2] *Oztimurlenk v. United States,* 162 Fed. Cl. 658, 675 & n.23 (2022) (explaining that the "National Courts — so called because of their nationwide jurisdiction" — also include the United States Court of International Trade and our appellate court, the United States Court of Appeals for the Federal Circuit).

Accordingly, the Court denies Plaintiff's "Request For Judgement"[3] and **DISMISSES** his complaint for lack of jurisdiction pursuant to RCFC 12(h)(3). The Clerk of the Court is directed to enter **JUDGMENT** for the government, dismissing this case.

**IT IS SO ORDERED**.

s/Matthew H. Solomson
Matthew H. Solomson
Judge

---

[3] On May 31, 2023, Plaintiff filed a sealed "Request for Judgement," ECF No. 6, which is simply another copy of his complaint, see ECF No. 1.